## SOLOMON WRIGHT *vs.* THOMAS BROWNELL.

Where an amendment of a declaration does not make the bail liable to a greater sum, nor subject him to any new or additional responsibility, he is not thereby discharged, though the amendment be by a new count.

On the trial of this cause the judgement was rendered, by con-

BENNINGTON,
*February,*
1830.

Wright
*vs.*
Brownell.

sent of parties, for the defendant, subject to the opinion of the Supreme Court on the following case :

On the 21st of March, 1821, the plaintiff and Elijah Lovett, since deceased, sued out a writ of attachment, as well for themselves, as for the treasurer of Bennington county, against Caleb Eldred, returnable to the next term of the Supreme Court, and such proceedings were had in the suit, that at the February term, 1822, the plaintiffs in that suit recovered a judgement against said Eldred for $600, damages, and their costs. Eldred reviewed, and on that occasion the said *Thomas Brownell*, as bail and surety of Eldred, then and there acknowledged himself bound unto the plaintiffs in that suit in a bond of recognisance of the sum of $800, conditioned, " *that the said Eldred should prosecute his review to effect, and answer and pay all intervening damages occasioned to the reviewees by their being delayed, with additional cost, in case said judgement should be affirmed.*" After the review had been entered, the said Lovett died, and his death was suggested on the record at the February term, 1823. The declaration in the suit, in which the recognisance was taken, originally consisted of one count only, which was as follows :

The defendant is attached " to answer unto *Solomon Wright* and *Elijah Lovett*, both of Pownal in the county of Bennington, who as well for Joseph Burr, of Manchester, aforesaid, treasurer of the county of Bennington, as for themselves, in that behalf, prosecute in a plea of the case, wherein the said *Solomon* and *Elijah*, who as well for said treasurer, as for themselves, in his behalf, prosecute, declare, and say, that on the 5th day of July, A. D. 1818, at Pownal aforesaid, one Mumford Eldred, of Pownal, aforesaid, was indebted to the said *Solomon* and *Elijah* in the sum of fifteen hundred dollars, to wit, on one certain promisory note, dated the 31st day of March, A. D. 1818, for the sum of fifteen hundred dollars, payable sixty days from the date thereof, which said note was and is a just and *bona fide* debt, due and owing from the said Mumford to the said *Solomon* and *Elijah* : and the said Mumford on the day and year last aforesaid, was seized and possessed in his own right, in fee, of certain tracts or parcels of land, situate and being in the towns of Pownal and Bennington, aforesaid, to wit, in Pownal of the home farm of the late Daniel Eldred, deceased, and certain lots and parcels of land adjoining thereto, which the said Mumford bought of John Stanton and Stephen Eldred : also one other piece of land lying in the southwesterly part of Bennington, in said county, containing about eighty acres, it being the farm the said Mumford purchased of William Burlison : and the said Mumford, on the day and year last aforesaid, at Pownal, aforesaid, was possessed and was the

owner of certain goods and chattels, to wit, of two horses, three cows, one yoke of oxen, thee hogs, two sleighs, and one cart, all which at Pownal, aforesaid, on the day and year last aforesaid, was well known to the said *Caleb* ; nevertheless, the said *Caleb*, contrary to the form, force and effect of the statute in such case made and provided, wickedly conspiring with the said Mumford, and subtilly, craftily, deceitfully, and fraudulently, intending to cheat, injure, and abuse the said *Solomon* and *Elijah*, and to avoid the said debt due to them from the said Mumford, and to prevent the said *Solomon* and *Elijah* of their right to recover payment thereof on the said land and personal property, aforesaid, and wholly to defraud them of said debt, did afterwards, to wit, on the 6th day of July, A. D. 1818, in said county of Bennington, by virtue of a certain writ of attachment in his favor against the said Mumford, dated the 6th day of July, A. D. 1818, signed by David Fay, councillor and justice of the peace, and made returnable to the county court then next to be holden at Bennington, in the county of Bennington, on the 3d Monday of December, A. D. 1818, demanding in damages four hundred dollars, caused all of the said real and personal estate of the said Mumford to be attached at his, the said *Caleb's*, suit aforesaid ; and also on the same day and year last aforesaid, the said *Caleb* intending and contriving, as aforesaid, caused a certain other writ of attachment, dated the 6th day of July, A. D. 1818, and signed by David Fay, councillor and justice of the peace, as aforesaid, demanding in damages the sum of five thousand dollars, and made returnable to the county court then next to be holden at Bennington, within and for the county of Bennington, on the 3d Monday of December, A. D. 1818, to be served upon all the said real and personal estate of the said Mumford, aforesaid. And the said *Caleb*, contriving, and intending, as aforesaid, did cause said last mentioned writ to be entered in said county court, at the said December term, A. D. 1818, aforesaid, and such proceedings were had thereon, that the same was continued to the term of said county court holden at Bennington aforesaid, on the first Monday of December, A. D. 1819, at which term the said *Caleb*, by the consideration of said court, recovered against the said Mumford the sum of $2465,54 damages, and $33,59 for his cost of suit ; and afterwards, to wit, on the 10th day of April, A. D. 1820, caused the execution on said judgement, for the sums so recovered, as aforesaid, to be levied in due form of law on the real and personal property, so attached, as aforesaid. Which said writs of attachment were founded on and brought to recover certain pretended false, fictitious and fraudulent demands, in no wise due and owing from the said Mumford to the said *Caleb*. By reason whereof, and by force of the statute in such case made and provided, an action hath accrued to the said treasurer, and to the said *Solomon* and *Elijah*, as well for the said treasurer as for the said *Solomon* and *Elijah*, in this behalf, prosecuting to recover of the said *Caleb*, to wit, the value of the said real estate, and goods and chattels, aforesaid, the sum of

BENNINGTON, five thousand dollars; for the recovery whereof, with just costs,
February, this suit is brought."
1830.

Wright
vs.
Brownell.

After the recognisance had been taken for the review, as before
mentioned, to wit, at February term, 1823, the plaintiff was al-
lowed to amend his declaration by adding the following count :

" And also,for that whereas the defendant, on the 6th day of
July, A. D. 1818, at Pownal, to wit, at Bennington, aforesaid,
was a party to a certain fraudulent and deceitful suit against one
Mumford Eldred, in which said suit a certain fraudulent and de-
ceitful judgement was, at the term of the county court begun and
holden at Bennington on the first Monday of December, A. D.
1819, recovered by the defendant against the said Mumford El-
dred for the sum of $2465,54 damages,and $33,54 costs of said
suit, to the purpose and intent to avoid the right and debt of the
said *Solomon* and *Elijah*, the said *Solomon* and *Elijah* then be-
ing creditors to the said Mumford Eldred on a certain promisory
note, dated the 31st day of March, A. D. 1818, for the sum of
fifteen hundred dollars, payable in sixty days from the date there-
of to the said *Solomon* and *Elijah*, and the said suit and judge-
ment,the defendant being party and privy thereto, did then and
there justify to be made, had,executed, and recovered,*bona fide*,
and upon good consideration ; by reason whereof, and by force
of the statute in such case made and provided, an action hath ac-
crued to the said *Solomon* and *Elijah*, who sue, as aforesaid, (they
the said *Solomon* and *Elijah* being the parties aggrieved by said
fraudulent and deceitful suit and judgement,) to have and recover
for the treasurer of said county of Bennington, and for them-
selves, the said *Solomon* and *Elijah*, the sum of $2499,13,
being the sum of money contained in said fraudulent and
deceitful judgement, recovered by the defendant against said
Mumford Eldred, as aforesaid, which is on file."

After the declaration had been so amended, to wit, at Februa-
ry term, 1827, final judgement was rendered in the action against
Eldred for $2558,68 damages, and $328,99 costs, on which
execution was issued, and, within thirty days, given to an officer,
and a *non est inventus* return duly made thereon. The plaintiff
then brought the present action on the bond of recognisance, ta-
ken on the review as before mentioned ; and the principle question
was, whether the recognisance was discharged in consequence of
the amendment of the declaration.

*Bennett and Aiken, for the plaintiff.*—I. The courts of this
state have power " at any time" to grant amendments in the pro-
cess and pleadings upon such terms, as they, *in their discretion*,
shall prescribe.—*Comp. Laws, p.* 73, *s.* 51. See also *Swift's
Dig.* 639. A new count may be added for the same cause of

action. The court, in the exercise of this legal discretion, order-
ed the amendment in question, and this order, we contend, is con-
clusive on the rights of the parties.

II. What effect has an amendment of the declaration on the
rights of bail, for costs of prosecution—on the back of the writ—
or for a review—where the amendment is ordered after review is
granted ? Here we assume the fact, that the cause of action is not
changed by the amendment.    1st. Such amendment made at
any time during the suit, by fiction of law, has relation back to its
commencement.—2 *Strange*, 890 ; 1 *Wills.* 149, 163 ; 2 *Term
Rep.* 707 ; 4 *Burr.* 2447.   2d. The right of amendment is a
power incident to the court, and the parties are at all times sub-
ject to the exercise of this power.   It would seem equally rea-
sonable that those collaterally interested in the suit, as bail, should
be equally subject to the exercise of the same power.   For, oth-
erwise, the beneficial effect of the statute of amendment would be
in a great measure defeated, as bail would be discharged by every
amendment in substance.   Besides, every one becomes bail with
a full knowledge of this discretionary power of the court, and
impliedly assents to the exercise of it, under all proper circum-
stances.   3d. There are numerous adjudged cases in which it is
established as a principle, that such amendments do not discharge
the liabilities of bail.—1 *H. Black.* 310 ; 5 *T. R.* 402 ; 1 *Wills.*
277 ; *Tidd's Prac.* 84 ; 18 *Mass. R.* 204 ; 5 *Con. Rep.* 587.

III. The new count, we contend, introduced no new cause of
action.   Where the same evidence supports the several counts in
a declaration, it may safely be pronounced that the cause of action
is the same.   If the present case be tested by this rule, it will be
apparent, that the facts set forth in the first count, if proved, would
sustain the new count.   The only difference is in the conclusion
of law drawn from the same facts.   Drawing a different conclu-
sion, cannot be setting forth a new cause of action ; the conclusion
is unnecessary, and surplussage.—1 *Chit.* 359.   If the pleader
draw a wrong conclusion, the court will draw a right one.   The
conclusion drawn in the second count might have been drawn
from the facts stated in the first count.   The *ad damnum* remains
unaltered.

*Isham, for the defendant,*contended,—That the cause of action
in the new count, on which the judgement was rendered, was dif-
ferent from that contained in the declaration at the time the re-
cognisance was taken, as the rule of damages under the original

BENNINGTON, count would be the value of the property fraudulently attached,
February,
1830.    which might be more or less, according to the estimation of a jury;
———————  but the rule of damages under the second count was the amount
Wright   of the judgement recovered, far exceeding the amount that could
vs.      have been recovered under the first; and as the evidence on the
Brownell. part of the plaintiff, that would have supported the first count,
could not have been received under the second, and the evidence
on the part of the defendant, that would have constituted a good
defence to the first count, would constitute no defence to the last.
1 *Phil. Ev.* 254 ; 2 *Aik. Rep.* 326—That if the cause of ac-
tion was different in the two counts, the issue was correctly found
in the court below, for the matter, or cause of action, reviewed,
had been so prosecuted to effect that no judgement upon it had
been recovered by the plaintiff, and, consequently, the defendant
was discharged from the recognisance.—13 *Mass. Rep.* 93 ; 17
*do.* 591 ; 1 *Pick. Rep.* 156. 192 ; 2 *Conn. Rep.* 377; 3 *do.*
157, 431 ; 5 *do.* 538, 590; 6 *Mod. Rep.* 266.   The counsel
also contended, that any act done which tends to enhance, or in
any way affect, the liability of bail, will discharge him, though the
cause of action is not changed ; and cited 2 *Saund. Rep.* 72 (*n.a.*);
2 *H. Bla. Rep.* 278; 1 *Sel. Prac.* 236, 238; 1 *Salk. Rep.*
241, 249; 6 *Term Rep.* 364 ; 2 *Bos. and Pul.* 358 ; 2 *New
Rep.* 82.   It was also contended that the suit should have been
commenced as well for the plaintiff as for the county of Benning-
ton, else the county would be defeated of their interest in the
judgement.

PRENTISS, Ch. J., delivered the opinion of the court.—The ori-
ginal action, in which the defendant became bail, was brought by
the plaintiff, to recover of *Caleb Eldred* the forfeiture incurred
by him, under the statute, as a party to a fraudulent and deceitful
judgement.   After the defendant entered into the recognizance for
the review of the action, the plaintiff, by leave of court, amended
his declaration, by filing a new count ; and it appears that final
judgement was recovered by him on the new count.

In the English practice, if the plaintiff declares against the de-
fendant on a different cause of action from that expressed in the
writ, the bail is discharged ; and there is no doubt of the principle,
that where the plaintiff, in an action in which bail is taken, files a
new count for a cause of action not contained in the original dec-
laration, and judgement is rendered on the new count, it will dis-
charge the bail.   But the court are authorized to permit either

of the parties, at any time, to amend any defect in the process or pleadings, upon such conditions as they shall, in their discretion, prescribe; and though the addition or substitution of a new count for a new cause of action, is not within the statute of amendments, yet adding or substituting a new count for the same cause of action is undoubtedly within the power of the court. The obligation of bail is assumed with a knowledge of this right and power to amend, and with an understanding that the action is subject to the exercise of it; and where the amendment does not make the bail liable to a greater sum, or subject him to any new or additional responsibility, he has neither in law or justice any ground of complaint. On examination of the record, in the original action, it is very apparent that the same evidence would maintain both counts, and that the cause of action is the same in both. The original count stated the facts, which constituted the cause of action, particularly and at length. The new count is more brief, but states the material facts, which formed the ground of action, and they appear to be the same contained in the original count. The only difference between the counts consists in this : in the conclusion, one demanded the value of the property taken to satisfy the covinous judgement as the forfeiture, and the other demands the amount of the money contained in the judgement. But the amount of the judgement, and not the value of the property, was the forfeiture given by the statute; and the conclusion demanding the value of the property was nugatory and void. The whole amount recovered by the plaintiff on the new count must have been recovered, if any thing, on the original count, and there could be no difference in the rule of damages upon them. A wrong conclusion of a count is one of the defects which the court have power to amend, and whatever may be the form in which the amendment is made; whether by altering the original count, or adding or substituting a new count, it does not affect the responsibility of the bail.

Judgement of the county court reversed, and judgement entered for the plaintiff.